```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

DENNIS CARTER #A-73403,         )
                                )
               Plaintiff,       )
                                )
     v.                         )    No.  11 C 5672
                                )
WARDEN MARCUS HARDY,            )
                                )
               Defendant.       )
```

MEMORANDUM ORDER

It is painfully clear that the proverbial prison grapevine is in full bloom at Stateville Correctional Center ("Stateville"). This is at least the third case that has been assigned at random to this Court's calendar that seeks to hold Stateville Warden Marcus Hardy responsible for all of the ills of prison life there by literally photocopying the multipage 44-paragraph "Civil Rights Complaint" initially instituted by some other Stateville inmate.[1] Carter's submission, like the

---

[1] Just two days ago this Court held an initial status hearing in Duane v. Hardy, 11 C 3180--a hearing that had been scheduled in the hope that an Assistant Attorney General could have been assigned to the case and could have made arrangements for plaintiff Duane to be available telephonically. Although defense counsel had been assigned too recently to have made that arrangement, he confirmed that a large number of such cases had been filed, stamped out with the same cookie cutter (indeed, the plaintiff in Duane had simply "whited" out the name of the original plaintiff and substituted his own hand-printed name into the typed Complaint). As for the first such case known to this Court, Brown v. Hardy, 11 C 1717, just a month ago (on July 25) this Court granted a dismissal motion by the Attorney General's Office. Both the motion and the dismissal referred to Complaint ¶16's allegation as to what "defendant, through his subordanants" had assertedly done--an imaginative misspelling that graphically confirms the photocopying practice.

original, has accompanied the Complaint with photocopies of a bulky set of exhibits that go back many years (some as early as 2001) and that are general in nature, with no reference at all to the current plaintiff.

It is true that Carter has been a bit less obvious than, for example, earlier plaintiff Duane--he has retyped the first three pages of the form Complaint, containing references to himself individually, before picking up with Paragraph 9 of the cookie-cutter version. But as explained in the next paragraph, that does not save his lawsuit.

Even though Complaint ¶5 states "Plaintiff has exhausted all administrative remedies in this matter," Carter's attached exhibits that do relate to him personally belie that assertion. Those exhibits include a filled-out Illinois Department of Corrections Offender's Grievance dated April 28, 2011, followed by Carter's hand-printed May 15 transmittal of that document to the Administrative Review Board in Springfield--but he has also attached a photocopy of the Administrative Review Board's Return of Grievance or Correspondence dated May 27, which reflected the receipt of his document on May 18 and directed Carter to provide some other necessary documentation and to "follow the Dept Rule 504F." That is where the story told by the Complaint and its exhibits ends, and that expressly negates Carter's compliance with the precondition to suit established by 42 U.S.C. §1997e(a).

That being the case, both the Complaint and this action must be and are dismissed for Carter's failure to have exhausted all available administrative remedies. No ruling is made or suggested here as to the substance of Carter's (and the apparently numerous others') allegations or, for example, as to whether this Court's substantive resolution of the earlier <u>Brown v. Hardy</u> litigation could impact Carter's claim on the merits.

Dismissal, however, does not spell the end of this litigation. By filing his Complaint Carter has triggered the application of 28 U.S.C. §1915 ("Section 1915"), which obligates him to pay the full $350 filing fee, although on an installment basis. In that regard Carter has attached to his In Forma Pauperis Application ("Application") a photocopy reflecting earlier transactions in his Inmate Trust Fund Account at Stateville--but that statement carried only through June 20, 2011, even though Section 1915(a)(2) requires that the certified copy must cover "the 6-month period immediately preceding the filing of the complaint." For that purpose this Court will treat the relevant date as August 5 (an application of the "mailbox rule" under <u>Houston v. Lack</u>, 487 U.S. 266 (1988)), rather than the August 17 date when his papers were received in the Clerk's Office.

Accordingly:

    1. Carter's Application is granted to the extent that

he is not required to pay the $350 filing fee up front, but he *is* obligated to pay it in future installments.

    2. To that end Carter is ordered promptly to obtain and to transmit to this District Court a printout covering transactions in his trust fund account at Stateville from June 20 through August 5, 2011.

This Court will then have the information required to make the appropriate calculations called for by Section 1915.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  August 24, 2011